WEISELS-GERHART REAL ESTATE COMPANY, Respondent, v. OLIN, Appellant.

St Louis Court of Appeals, December 3, 1907.

REAL ESTATE BROKERS: Written Authority. A letter was addressed to an officer of a brokerage company, intended for the company, requesting him to secure a building loan for the writer. Plans and specifications accompanied the letter, describing the property, the amount of loan and the purposes for which it was wanted. This was written authority to the brokerage company to make the loan.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*E. W. Banister* for appellant.

(1) The provision of section 2, Acts of Missouri, 1903, p. 161, precludes a recovery herein by respondent unless it has shown written authority from appellant to negotiate the loan. Rothwell v. Gibson, 121 Mo. App. 279; Trust Co. v. Niggeman, 119 Mo. App. 56. (2) Parol evidence is inadmissible to show that it was intended for respondent. The paper must be complete in itself. Carrick v. Muscke, 60 Mo. App. 140; Kelly v. Thuey, 143 Mo. 436; Ringer v. Holtzclaw, 112 Mo. 519; Rucker v. Harrington, 52 Mo. App. 481; Miller v. Banking Co., 53 Mo. App. 433; VanStone v. Hopkins, 49 Mo. App. 56; McKeag v. Peidnoir, 74 Mo. App. 594; Bruckman v. Dry Goods Company, 91 Mo. App. 463. (3) But in any event the writing was insufficient, inasmuch as it failed to show the terms of the proposed loan. Boyd v. Paul, 125 Mo. 9; Standard Fire Proofing Co. v. St. Louis Fire Proof Co., 177 Mo. 571; Biest v. Versteeg Shoe Co., 97 Mo. App. 155; Johnson v. Fecht, 94 Mo. App. 605, 185 Mo., 335.

*Stern & Haberman* for respondent.

(1) A broker who agrees to procure a loan performs his contract when he secures a company able, willing and ready to make the loan. Pfister v. Gove, 48 Mo. App. 458. (2) Respondent had written authority within the purview of the statute. Houck v. Frisbee, 66 Mo. App. 19; Bogliolo v. Scott, 5 Mo. 341. (3) The statute requiring authority to solicit a loan for a principal is a penal statute. If the written authority was sufficient in character to negative a criminal prosecution respondent was entitled to recover. Trust Co. v. Niggemann, 119

Mo. App. 56; Marks v. Turner, 54 Mo. App. 653; Brady v. Nally (N. Y.), 45 N. E. 548; Cash v. Clark, 64 Mo. App. 641; Harrison v. Craven, 188 Mo. 609; Ivory v. Murphy, 36 Mo. 542; Garner v. Tucker, 61 Mo. 426.

BLAND, P. J.—The petition states, in substance, that on April 26, 1906, defendant employed plaintiff, in writing, to secure a building loan for him of $20,000, to be secured by deed of trust on a lot on the north side of Delmar avenue, in the city of St. Louis, agreeing to pay plaintiff five hundred dollars for its services if it should procure the loan; that in pursuance of said contract, plaintiff procured said loan, that is, an agreement with a party able and willing to make said loan, but defendant refused, without cause, to accept the loan or to pay plaintiff the agreed commission of five hundred dollars.

The answer was a general denial and a plea that the contract was not in writing, and for that reason unenforcible under the provisions of the law of March 28, 1903, concerning loans and sales of real estate by agents (Laws of 1903, p. 161).

Verdict and judgment were for plaintiff.

The evidence shows plaintiff is a corporation doing a real estate brokerage business in the city of St. Louis, and that Henry R. Weisels is an officer of the corporation; that at about the date alleged in the petition, defendant appeared at plaintiff's office and asked Weisels if he could loan him $20,000 to put up a three-story apartment house on his lot on Delmar avenue; that Weisels told him he thought he could and to send him the written authority and plans and specifications of the house and he would take the matter up in a day or so. After this conversation, defendant sent the plans and specifications to plaintiff by messenger. The specifications described the lot on which the building was to be erected as lot 4, block 4844, situated on the north side of Delmar avenue, west of Academy avenue, gave the name

·of the owner as A. S. Olin, the dimensions of the building and the name of the architect, and such details and specifications as are usually prepared by architects for the construction of like buildings. Along with the specifications, defendant sent the following letter:

"OFFICE OF SECURITY TAILORING CO.

*A. S. Olin, Prop.*

1244 Franklin Avenue.

St. Louis, Mo., April 26, 1906.

"Mr. Weisels:

"Dear Sir:—I send you the plans and specifications for you to make the loan.

| | |
|---|---|
| The building is.....................$16,000 | |
| Plumbing .......................... | 1,640 |
| Sheet metal and iron................ | 350 |
| Steam heating plant................. | 1,260 |
| Architect fee at 5 per cent will be about | 1,000 |
| Decoration ........................ | 500 |

$20,750

but a $20,000 loan will be suffice, the balance I will pay, Let me know as soon as possible.

"OLIN."

Weisels testified that after receiving the specifications and letter, he went to the M. B. O'Reilly Real Estate & Investment Company and submitted the loan to Gerald O'Reilly, vice-president of the company, showed him the plans and specifications and went over the details with him; that on the following day, O'Reilly notified him his company would make the loan on the terms mentioned, namely, three years at six per cent, secured by deed of trust on the lot and improvements; that he then telephoned defendant he had placed the loan and to come down to his office and make the necessary arrangements to get the money, and defendant answered, "All right," and afterwards came to his office and they

then went to the office of the O'Reilly Real Estate & Investment Company, and after arriving there, defendant said he would rather pay $2,000 of the loan in one year, and it was so arranged. Defendant was told to bring his certificate of title and deed and come back to plaintiff's office at four o'clock p. m., to fix the matter up, and defendant said he would do so. He did not return, but instead went across the street and arranged with another real estate firm to get the money on terms that suited him better, and then sent the following letter to O'Reilly:

"St. Louis, Mo., M. 1906.
"O'Reilly, 8th and Chestnut St.

"Very sorry I could not finish with you my building loan as I got better terms with Holbrook-Blackwelder Real E. Co.

"Consequently be so kind and let bearer have my blue prints.

"Very respectfully yours,
"A. S. OLIN."

Defendant testified O'Reilly refused to let him have $2,000, payable in one year, on a second mortgage, unless he would pledge the rents as additional security and he declined to do this. O'Reilly swore he offered to let defendant have $20,000, $2,000 payable in one year, and $18,000 payable in three years, both amounts to be secured by one deed of trust on the property. It appears that Weisels brought a suit in his own name against defendant before a justice of the peace, to recover the commission sued for in this suit, prior to the commencement of this suit; that on the trial of that suit before the justice, Weisels swore he was the person who was employed and who performed the services, and it appears that defendant swore in that suit, that the letter accompanying the specifications was addressed to Weisels-Gerhart Real Estate Company and that he dealt with the company, and on this testimony won the suit. On the trial

of this suit, Weisels testified he was an officer of plaintiff company and, to the best of his recollection, the letter accompanying the specifications was inclosed in an envelope (which has been lost or destroyed) but he did not notice to whom it was addressed. Defendant and his messenger both swore on the trial of the present suit, that the letter was not in an envelope and had no address whatever on it.

The only point made by defendant is that plaintiff did not have written authority to apply for and negotiate a loan, and for that reason cannot recover. In the body of the letter relied on, in part, as written authority to make the loan, Weisels is addressed, but he was an officer of the plaintiff company and the letter was sent to plaintiff's office, and the jury were warranted, on the evidence, in finding the letter was inclosed in an envelope addressed to Weisels-Gerhart Real Estate Company, and that defendant intended to and understood he was dealing with the company and not with Weisels as an individual. There can be no reasonable doubt that plaintiff had written authority to make the loan. The plans and specifications accompanying the letter were submitted with it as the basis of authority to secure the loan, and should be considered with the letter. They describe the property, the amount of the loan and the purposes for which the loan was wanted. The letter, construed in the light of what the plans and specifications disclose, shows full written authority to make the loan, and is as definite as the authority would have been had defendant said in his letter, "Here are the plans and specifications of the building I propose to erect on my lot No. 4, in block 4844, on Delmar avenue, in the city of St. Louis, and here is an estimate of what it will cost. I am prepared to pay $750 of the cost but will have to borrow $20,000, the balance. Will you make the loan for me?"

No reversible error appearing, the judgment is affirmed. All concur.